331 P.2d 1091

The PRINCE DEVELOPMENT CORPORATION, a corporation; and Prince Drive-In Theater, Inc., a corporation, and Dallas Day, Receiver, Appellants,

v.

George W. BEAL and Ullena I. Beal, husband and wife, Fred V. Ritner and Ann G. Ritner, husband and wife, and Myra M. S. Clark, Appellees.

No. 6258.

Supreme Court of Arizona.

Nov. 26, 1958.

Hall, Catlin & Molloy and Russell E. Jones, Tucson, for appellants.

Boyle, Bilby, Thompson & Shoenhair and William A. Scanland, Tucson, for appellees.

PHELPS, Justice.

This is an appeal by appellants from an order of contempt entered against them and one Dallas Day, receiver of appellants, on November 21, 1955. The order imposed a fine of $1,000 against each of the appellants and the said Dallas Day, receiver, as punishment for said contempt. The receiver Dallas Day, also perfected his appeal from said order but on February 23, 1956 the court on motion of his counsel dismissed his appeal. We are therefore only concerned here with the two corporate appellants, The Prince Development Corporation and Prince Drive-In Theater, Inc.

The facts are that appellants, defendants below, are the owners of a certain tract of land at the intersection of East Prince Road and North Campbell Avenue in Pima county, Arizona, upon which they constructed a drive-in theater and proceeded to operate the same as such. On November 4, 1954 the appellees, plaintiffs below, filed their amended complaint in court alleging that defendants were conducting said theater in a manner which injured and damaged plaintiffs in the legitimate enjoyment and use of their homes and would so continue to damage

76

and injure them in the use thereof in the future unless enjoined therefrom.

The defendants filed an amended answer admitting the use of their property as a drive-in theater but denied that its operation damaged or injured plaintiffs or would do so in the future. Thereafter, on January 26, 1955 Dallas Day was appointed receiver of defendant corporation in a separate cause of action instituted by Cactus Theater, Inc. et al. He qualified and acted as such until October 29, 1955. By stipulation of counsel he was added as a party defendant in the instant cause of action on July 28, 1955.

On the same day, by stipulation of counsel, a judgment was entered in the instant cause of action against all of the defendants, permanently enjoining and restraining them from maintaining and operating said drive-in theater upon said premises in such a manner as to unreasonably interfere with the comfortable use and enjoyment by plaintiffs of the property owned and occupied by them. The judgment set forth the acts and conduct enjoined, but expressly stated that such judgment should not constitute an adjudication as to whether defendants had, in the past, maintained and operated said theater in such a manner.

Thereafter, on August 4, 1955 the court caused to be filed with the clerk its writ of injunction in conformity with the provisions of said judgment. Upon September 7 following, plaintiffs George W. Beal and Ullena I. Beal, his wife, and Myra M. S. Clark, plaintiffs, filed affidavits with the court that defendants had violated said injunction in all of the particulars contained in the writ save one. An order to show cause issued thereon and hearing held with the result above set forth. Motions for rehearing were filed, heard and denied.

Defendant, The Prince Development Corporation, paid into court under protest the sum of $1,000 which was the amount of the fine imposed upon all of the defendants by the court. The two corporate defendants filed a joint notice of appeal and defendant Dallas Day, receiver, on the following day January 18, 1956, filed his notice of appeal but as above stated he thereafter caused said appeal to be dismissed.

The corporate defendants have presented a number of assignments of error but we find it unnecessary to consider any of them other than assignments I and II based upon the proposition that there was no evidence to support the order and fine; that at all times the alleged violations of the injunction occurred they had nothing whatever to do with the maintenance or operation of the drive-in theater, but that the same was under the exclusive control of Dallas Day, receiver. The very essence of an order adjudging a person guilty of contempt in a case such as we are here con-

sidering is that the person adjudged guilty thereof must have wilfully committed some overt act in violation of the writ of injunction (or he must have aided and abetted in its commission). 17 C.J.S. Contempt § 2, P. 4.

There is no evidence in the record that defendants before us violated in any way the writ of injunction. The evidence is clear that they were wholly disconnected with its maintenance and operation at the time the writ is alleged to have been violated and that the defendant Dallas Day, as receiver, was in exclusive control thereof from January 26, 1955 to October 28, 1955.

It appears from the record before us, therefore, that if the injunction was violated at all it was violated by the receiver Dallas Day. He is not a party to this appeal. A judgment stands against him today in the trial court which is final. There being no evidence even tending to show that defendants here before us violated said injunction in any form or manner, judgment as to them is reversed with directions to return the fine of $1,000 to defendant Prince Development Corporation. It is so ordered.

UDALL, C. J., and WINDES, STRUCKMEYER and JOHNSON, JJ., concur.